STATE OF MINNESOTA — DISTRICT COURT

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

**Reuben J. Garcia,**

**Plaintiff,**

**vs.**

**City of New Hope; and Officer Kaitlyn Baker, Officer Anthony Gust, Officer Adam Johnson, and Officer Nadine Jacobs, all in their individual and official capacities,**

**Defendants.**

SUMMONS

**Court File No:**

**Case Type: Other**

**Judge:**

**THIS SUMMONS IS DIRECTED TO:**

**The City of New Hope, Mayor Kathi Hemken, New Hope City Council, and City Manager Kirk McDonald;**

**Officer Kaitlyn Baker, Officer Anthony Gust, Officer Adam Johnson, and Officer Nadine Jacobs.**

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: June 29, 2017

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

---

**Reuben J. Garcia,**

**Plaintiff,**

**vs.**

**City of New Hope; and Officer Kaitlyn Baker, Officer Anthony Gust, Officer Adam Johnson, and Officer Nadine Jacobs, all in their individual and official capacities,**

**Defendants.**

**COMPLAINT WITH JURY DEMAND**

**Court File No:**

**Case Type: Other**

**Judge:**

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution, and under the common law of the State of Minnesota.

## VENUE

2. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

## PARTIES

3. Plaintiff Reuben Garcia was at all material times a resident of the State of Minnesota, and of full age.

4. City of New Hope, Minnesota, is a municipal corporation and the public employer of the Defendant Officers. City of New Hope is sued directly and also on the theories of respondeat

superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including the Defendant Officers.

5. Defendant Officers Baker, Gust, Johnson, and Jacobs were at all times relevant to this complaint duly appointed and acting officers of the New Hope Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or City of New Hope.

## FACTS

6. On the afternoon of February 1, 2016, Plaintiff Mr. Garcia was driving his vehicle in the City of New Hope. Mr. Garcia was on the way to pick up his child from school.

7. As Mr. Garcia was driving, he saw Defendant Officer Baker standing outside and staring at him. With his right hand on the steering wheel, Mr. Garcia lifted his left hand and displayed his middle finger to Defendant Officer Baker for approximately one second. Mr. Garcia then lowered his left hand and continued driving. Mr. Garcia was driving within the speed limit at all times and his windows were closed, so he did not reach out of the vehicle with his hand at any time. The reason for the middle finger is that, previously the same day, Officer Baker yelled at Mr. Garcia for no reason when she saw him driving, once again within the speed limit. When he saw Officer Baker the second time, Mr. Garcia exercised his First Amendment right to freedom of speech and expression by momentarily displaying his middle finger to Officer Baker.

8. Immediately after Mr. Garcia displayed his middle finger, Defendant Officer Baker got into her squad and started to follow Mr. Garcia, and then pulled him over by activating her

emergency lights. Mr. Garcia pulled over immediately. At this time, Officer Baker did not have probable cause or reasonable suspicion to support her traffic stop of Mr. Garcia.

9. Officer Baker then approached Mr. Garcia's vehicle with her hand on her gun. At this time, Mr. Garcia had pulled out his cell phone and was recording the incident. Mr. Garcia knew that Officer Baker pulled him over illegally in violation of his constitutional rights and, as a result, decided to video-record the incident.

10. Mr. Garcia immediately asked Office Baker why he was being pulled over. Officer Baker responded that she pulled him over because she saw that he had flipped her off and she was "curious as to why [he] did that." Officer Baker proceeded to tell Mr. Garcia that he had committed disorderly conduct by displaying his middle finger to her momentarily and that she was pulling him over for disorderly conduct. Mr. Garcia and Officer Baker then engaged in a short conversation about the legality of the stop, and Officer Baker continued to tell Mr. Garcia that he was being lawfully stopped for disorderly conduct for displaying his middle finger to her. Mr. Garcia requested to speak with a supervisor, and Officer Baker demanded to see Mr. Garcia's driver's license. Mr. Garcia retrieved his wallet from his pocket, unfolded his wallet using his hands in plain view, and started to remove his driver's license from the wallet, also in plain view, as ordered by Officer Baker.

11. At this time, Defendant Officers Gust, Johnson, and Jacobs arrived on the scene. With additional officers on scene, Officer Baker immediately became combative and aggressive, rushed around towards the driver's door, yelled out, "Get out of the fucking car," opened the door, violently removed Mr. Garcia from the vehicle, grabbed his wallet and intentionally threw it on the ground, scattering its contents, grabbed his cell phone and threw it back into his car, arrested and handcuffed Mr. Garcia, searched his person, and placed him in the back

of the squad. Officer Baker violently pulled Mr. Garcia from his car as Mr. Garcia was complying with her demands and producing his driver's license, all in plain view. All Defendant Officers participated in arresting and handcuffing Mr. Garcia.

12. Officer Baker then issued Mr. Garcia a citation for disorderly conduct and released Mr. Garcia, even though Mr. Garcia had not committed disorderly conduct and the Officers did not have probable cause or reasonable suspicion that Mr. Garcia had committed disorderly conduct. All criminal charges against Mr. Garcia were eventually dismissed.

13. As a result of the Defendants' actions, Mr. Garcia suffered physical pain and injuries resulting from the handcuffing, loss of freedom and liberty, emotional distress, invasion of privacy, and violation of his constitutional rights. Mr. Garcia has also incurred attorney's fees related to the criminal prosecution.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FIRST AMENDMENT VIOLATION AND RETALIATION AGAINST OFFICER BAKER

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. Based on the above factual allegations, Officer Baker, through her actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he displayed his middle finger to Officer Baker and video-recorded the incident with his phone. Defendant Officer Baker took actions against Plaintiff that were sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when she stopped, handcuffed, arrested, and issued him a citation for disorderly conduct. Defendant Officer Baker engaged in this conduct against

Plaintiff in retaliation for Plaintiff exercising his First Amendment rights and without probable cause or reasonable suspicion. In addition, Officer Baker violated Plaintiff's First Amendment right to freedom of speech and expression when she interfered with Plaintiff's ability to video-record the incident with his phone.

16. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE AND EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANTS

17. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.
18. Based on the above factual allegations, Defendants, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable searches and seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they seized, searched, handcuffed, and arrested Plaintiff.
19. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST CITY OF NEW HOPE

20. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.
21. Prior to February of 2016, Defendant City of New Hope developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in the City of New Hope or in the custody of the City of New Hope, which caused the violations of Plaintiffs' constitutional rights.
22. It was the policy and/or custom of Defendant City of New Hope to inadequately supervise and train its employees, including the individual Defendants, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

23. Defendant City of New Hope had failed to adopt proper policies, procedures, and training on how to interact with citizens who are recording police encounters. Furthermore Defendant City of New Hope failed to adopt proper policies, procedures, and training on the citizens' right to criticize police officers including, but not limited to, citizens' right to display their middle finger to police officers. Based on the facts presented herein, Defendant City of New Hope had a policy and/or practice of unlawfully detaining, and/or arresting, and/or prosecuting individuals who express criticism towards police officers.
24. As a result of these policies and/or customs and lack of training, employees of City of New Hope, including the individual Defendants, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.
25. These policies and/or customs and lack of training were the cause of the violations of Plaintiffs' constitutional rights alleged herein.

### COUNT 4: ASSAULT AGAINST DEFENDANT OFFICER BAKER AND CITY OF NEW HOPE

26. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.
27. Based on the above factual allegations, Defendant Officer Baker engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching.
28. Defendant City of New Hope is vicariously liable for Officer Baker's misconduct.
29. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 5: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

30. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.
31. Based on the above factual allegations, the Defendant Officers battered Plaintiff. Specifically, the Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff during the subject incident.
32. Defendant City of New Hope is vicariously liable to Plaintiff for the Defendant Officers' battery.
33. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 6: MALICIOUS PROSECUTION AGAINST OFFICER BAKER AND CITY OF NEW HOPE

34. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.
35. Based on the above factual allegations, the Defendants committed malicious prosecution when they intentionally and with malice caused Plaintiff to be prosecuted without probable cause and without reasonable belief that the prosecution will succeed. The prosecution terminated in Plaintiff's favor when all criminal charges against Plaintiff were dismissed.
36. Defendant City of New Hope is vicariously liable for the misconduct of Officer Baker.
37. As a result of these violations, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution and also committed violations against Plaintiff under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against Defendants on Counts 1, 2, and 3 pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: June 27, 2017

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

---

**Reuben J. Garcia,**

**Plaintiff,**

**vs.**

**City of New Hope; and Officer Kaitlyn Baker, Officer Anthony Gust, Officer Adam Johnson, and Officer Nadine Jacobs, all in their individual and official capacities,**

**Defendants.**

NOTICE AND ACKNOWLEDGMENT OF SERVICE OF SUMMONS AND COMPLAINT BY MAIL

**Court File No:**

**Case Type: Other**

**Judge:**

---

THIS NOTICE IS DIRECTED TO:

**The City of New Hope, Mayor Kathi Hemken, New Hope City Council, and City Manager Kirk McDonald;**

**Officer Kaitlyn Baker, Officer Anthony Gust, Officer Adam Johnson, and Officer Nadine Jacobs.**

The enclosed summons and complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

**Signing this Acknowledgment of Receipt is only an admission that you have received the summons and complaint, and does not waive any other defenses.**

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

**If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.**

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on **June 29, 2017**.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: June 29, 2017

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at 4401 Xylon Ave N., New Hope, MN 55428.

Signature: ______________________________

Print Name: ______________________________

Relationship to Defendant(s):

______________________________

Date: ____________________